**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Singleton, Sr., Appellant,

v.

Lou Ella Singleton, Respondent.

Appellate Case No. 2023-000999

———————

Appeal From Sumter County
Ernest J. Jarrett, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-149
Submitted April 1, 2025 – Filed April 30, 2025

———————

**AFFIRMED**

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

Richard Thomas Jones, of Jones Seth & Jones, LLP, of Sumter, for Respondent.

———————

**PER CURIAM:** Robert Singleton, Sr. (Husband) appeals a family court order (1) reducing his alimony obligation to Lou Ella Singleton (Wife), (2) requiring he pay Wife $750 plus an administrative fee per month for alimony arrears, and (3) awarding Wife partial attorney's fees. On appeal, Husband argues the family court erred in finding he voluntarily reduced his income when deciding whether to

reduce or terminate his alimony obligation because it failed to consider his advanced age at the time of his retirement and whether the parties contemplated the effects of retirement on future alimony payments at the time of the divorce. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court, when deciding whether to reduce or terminate Husband's alimony obligation, did not err in finding Husband voluntarily reduced his income. Although the family court did not expressly mention the factors in section 20-3-170(B) of the South Carolina Code (2014), including Husband's age at the time of his retirement, in its order, the family court asked Husband about his age at the hearing. Husband informed the family court of his age at the time of the hearing and at a different point, testified about his age at the time of his retirement. Husband further testified he retired due to his desire to avoid incurring more tax liability, not due to his age. Thus, we hold the family court did not err in finding Husband voluntarily reduced his income or in its resulting alimony determination. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Downing v. Downing*, 440 S.C. 322, 340-41, 891 S.E.2d 375, 384 (Ct. App. 2023) ("Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 838 (Ct. App. 2021) ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence."); *Thornton v. Thornton*, 328 S.C. 96, 111, 492 S.E.2d 86, 94 (1997) ("The change in circumstances must be substantial or material in order to justify a modification of the previous alimony obligation."); S.C. Code Ann. § 20-3-170(A) (2014) (providing that "[w]henever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments and the court, after giving both parties an opportunity to be heard and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the supporting spouse, decreasing or increasing or confirming the amount of alimony provided for in such original judgment or terminating such payments"); § 20-3-170(B) ("Retirement by the

supporting spouse is sufficient grounds to warrant a hearing, if so moved by a party, to evaluate whether there has been a change of circumstances for alimony. The court shall consider the following factors: (1) whether retirement was contemplated when alimony was awarded; (2) the age of the supporting spouse; (3) the health of the supporting spouse; (4) whether the retirement is mandatory or voluntary; (5) whether retirement would result in a decrease in the supporting spouse's income; and (6) any other factors the court sees fit.").  Because we hold the family court did not err in its alimony determination, we also hold the family court did not err in ordering Husband pay $750 per month for alimony arrearages and partial attorney's fees to Wife.  *See Weller*, 434 S.C. at 543, 863 S.E.2d at 841-42 (affirming the award of attorney's fees because the appellate court affirmed the family court's order and Husband argued for reversal or modification of Wife's attorney's fees award in the event the appellate court reversed or modified the family court's order).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.